# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMBIX INTERNATIONAL, INC., ) | | |
| a Florida Corporation, ) | | |
| ) | | |
| Plaintiff, ) | | 8:04CV342 |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| SAV-RX, L.L.C., ) | | |
| a Nebraska Corporation, and ) | | |
| MELALEUCA, INC., ) | | |
| an Idaho Corporation, ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the court on the defendant Melaleuca, Inc.'s (Melaleuca) Motion for Summary Judgment or Partial Summary Judgment (Filing No. 46).[1] Melaleuca seeks summary judgment on three issues: (1) whether the plaintiff Ambix International, Inc. (Ambix) and the defendant Sav-Rx, L.L.C. (Sav-Rx) reached an accord and satisfaction; (2) whether Ambix is estopped from claiming damages under the original contracts; and (3) whether Sav-Rx is required to defend and indemnify Melaleuca.  Melaleuca filed a statement of undisputed facts (Filing No. 47), a brief (Filing No. 48), a reply brief (Filing No. 63), and an index of evidence (Filing No. 49) in support of its motion.  Ambix filed a brief (Filing No. 57), an index of evidence (Filing No. 58) and a supplemental index of evidence (Filing No. 59) in opposition to the motion for summary judgment.  Sav-Rx filed an "Answer" (Filing No. 60) and a brief (Filing No. 61) in opposition to the motion for summary judgment. The Court has carefully reviewed the record, briefs in support and in opposition, and the relevant law, and concludes the motion for summary judgment should be denied.

## INTRODUCTION

This case arises from the business relationships between the parties.  Ambix entered into a business relationship with Sav-Rx, which provided Ambix would market

---

[1] The undersigned magistrate judge exercises jurisdiction over this matter after consent by the parties and transfer by United States District Court Chief Judge Joseph F. Bataillon.  **See** Filing No. 24.

Sav-Rx's private label, co-branded discount prescription drug purchasing program to Plan Sponsors. Plan Sponsors are employers or membership based groups. These Plan Sponsors would enter in to an agreement wherein they would purchase from Sav-Rx at a set price the Discount Program and then resell the Discount Program to their employees or members for a higher price. Beginning in February 2001, Ambix and Sav-Rx began negotiating and proposing the Discount Program to Melaleuca. Melaleuca is a membership based company, which sells health and household products through independent marketing executives.

Ultimately, Sav-Rx and Melaleuca entered into a contract for the Discount Program. The plaintiff alleges a part of the contract was made to benefit the plaintiff, such that Melaleuca would pay Ambix a fee for each Melaleuca member enrolled in the Discount Program. Further, the plaintiff alleges Melaleuca has failed and refused to pay Ambix under the terms of the contract. Specifically, Ambix alleges claims against the defendants for an accounting, breach of a third party contract and unjust enrichment. Additionally, Melaleuca alleges claims against Sav-Rx based on a duty to defend and indemnify. **See** Filing No. 56.

The court has jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND

On February 1, 2001, Ambix entered into an agreement with Sav-Rx to market Sav-Rx's prescription savings plan to large groups. Ambix, through its president, Andrea Sass, marketed the plan to Melaleuca. Melaleuca and Sav-Rx entered into an agreement on July 26, 2002. The agreement specifically provides that Melaleuca will pay Ambix $7.00 for each enrolled member in the plan. At that time, the understanding between Ambix and Sav-Rx was that, of the $7.00 Melaleuca was to per enrollee, Sav-Rx would be entitled to $2.00 and Ambix would be entitled to the remaining $5.00.

A delay in completion of the program membership materials created friction between the parties. Melaleuca undertook the preparation of the membership materials itself. Melaleuca determined it would no longer rely on Ambix for ongoing support and sought to

renegotiate a lower commission rate to reflect Ambix's actual contribution to the program. On January 3, 2003, Jim Barta, of Sav-Rx, and Andrea Sass, of Ambix, agreed to a commission of $2.00 per enrolled member for Ambix, with an additional $1.50 for Sav-Rx. Melaleuca has not paid $7.00 per enrolled member. Melaleuca paid $3.50 per its reported enrollments as directed to do so by Sav-Rx. Sav-Rx invoiced Melaleuca for each of its reported enrollments and Melaleuca paid those invoices in full. Ambix disputes the number of reported enrollments. Ambix has received payment of $61,586.50.

## ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." **See** Fed. R. Civ. P. 56(c); ***McAllister v. Transamerica Occidental Life Ins. Co.***, 325 F.3d 997, 999 (8th Cir. 2003). When making this determination, a court's function is not to make credibility determinations and weigh evidence, or to attempt to determine the truth of the matter; instead, a court must "determine whether there is a genuine issue for trial." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249 (1986); **see also** ***Johnson v. Crooks***, 326 F.3d 995 1007-08 (8th Cir. 2003). "An issue of material fact is genuine if it has a real basis in the record." ***Hartnagel v. Norman***, 953 F.2d 394, 395 (8th Cir. 1992) (**citing** ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 586-87 (1986)). A court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" ***Dulany v. Carhahan***, 132 F.3d 1234, 1237 (8th Cir. 1997) (**quoting** ***Anderson***, 477 U.S. at 248).

Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of his claim. ***Bialas v. Greyhound Lines, Inc.***, 59 F.3d 759, 762 (8th Cir. 1995). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this

3

purpose." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323-24 (1986). A party seeking summary judgment bears the responsibility of informing the court "of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." ***Tenbarge v. Ames Taping Tool Sys., Inc.***, 128 F.3d 656, 657 (8th Cir. 1997) (**quoting** ***Celotex***, 477 U.S. at 325 (noting that the movant must show "there is an absence of evidence to support the nonmoving party's case.")). Under this court's local rules:

> The moving party shall set forth in the brief in support of the motion for summary judgment a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law.

**See** NECivR 56.1(a)(1).

In the face of a properly-supported motion, "[t]he burden then shifts to the nonmoving party to 'set forth specific facts showing that there is a genuine issue for trial.'" ***Prudential Ins. Co. v. Hinkel***, 121 F.3d 364, 366 (8th Cir. 1997) (**quoting** Fed. R. Civ. P. 56(e)). A nonmoving party may not rest upon the mere allegations or denials of its pleadings but, rather, must show specific facts, supported by affidavits or other proper evidence, showing that there is a genuine issue for trial. **See** Fed. R. Civ. P. 56(e); ***Liberty Mut. Ins. Co. v. FAG Bearings Corp.***, 153 F.3d 919, 922 (8th Cir. 1998). A nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson***, 477 U.S. at 248. Additionally, under this court's local rules:

> The party opposing a motion for summary judgment shall include in its brief a concise response to the moving party's statement of material facts. The response shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response.

**See** NECivR 56.1(b)(1).

**A.     Accord and Satisfaction**

Melaleuca argues Ambix may not now sue to recover under the original contract for $5.00 per enrollment commissions because any obligation for such amounts was discharged by an accord and satisfaction. Sav-Rx joins in Melaleuca's argument. **See** Filing No. 60. Under Nebraska law,

> An accord and satisfaction is a discharge of an existing indebtedness by the rendering of some performance different from that which was claimed as due and the acceptance of such substituted performance by the claimant in full satisfaction of the claim. To constitute an accord and satisfaction, there must be (1) a bona fide dispute between the parties, (2) substitute performance tendered in full satisfaction of the claim, and (3) acceptance of the tendered performance. The key element of accord and satisfaction is the intent of the parties.

***Mischke v. Mischke***, 571 N.W.2d 248, 256 (Neb. 1997) (internal citation omitted).

Melaleuca asserts Ambix breached the original contract by failure to complete program membership materials. The alleged breach create a dispute about whether Ambix was entitled to the full commission. Melaleuca contends Ambix and Sav-Rx reached an agreement on January 3, 2003, to amend the earlier contract to reduce the commissions owed to Ambix and Sav-RX for the prescription savings plan. Melaleuca argues Ambix accepted the reduced commission in order to prevent the complete loss of the agreement with Melaleuca.

Ambix disputes whether an accord and satisfaction occurred. Specifically, Ambix disputes whether it was responsible for a breach of the underlying contract or that a bona fide dispute existed. Additionally, Ambix provides evidence tending to show Ambix did not intend the reduction in commission to be permanent solution or the $2.00 commission per enrollment was full payment under the contract.

The parties have presented evidence which creates disputed material issues of fact about whether the elements for accord and satisfaction are satisfied. Accordingly, Melaleuca's motion for summary judgment on this issue is denied.

**B.     Estoppel**

Based on the January 3, 2003 agreement between Ambix and Sav-Rx, Melaleuca argues Ambix should be estopped from claiming damages under the original contracts. Melaleuca relies on the principle of quasi estoppel.

> The doctrine classified as quasi estoppel has its basis in election, ratification, affirmance, acquiescence, or acceptance of benefits, and the principle precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by him. The doctrine applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced, or of which he accepted a benefit.

*Lane v. Burt County Rural Public Power Dist.*, 77 N.W.2d 773, 780 (Neb. 1956) (**quoting** 31 C.J.S., Estoppel, § 107, p. 341).

Melaleuca argues Ambix is now taking a position contrary to the January 3, 2003 agreement to a reduced commission. Further, Melalueca states it relied on the agreement and any reverting back to the original commission schedule would be to its disadvantage. Finally, Melaleuca contends that allowing Ambix to maintain an inconsistent position would be unconscionable.

In contrast, Ambix asserts its position is the same now as it was in January 2003, that the agreement to a reduced commission was temporary. Further, Ambix contends the underlying contracts were not modified and Ambix did not waive its rights under the previous agreements.

The court finds there are material issues of fact in dispute with regard to whether quasi estoppel should be applied. There is evidence before the court showing Ambix may not have intended the reduced commission to continue for the duration of the contract period. Additionally, Melaleuca was aware of the negotiations and agreements between Ambix and Sav-Rx and involved in the underlying dispute. Therefore, the court cannot determine as a matter of law based on the evidence before the court whether quasi estoppel applies and summary judgment must be denied.

**C.     Duty to Defend and Indemnify**

In a letter dated August 13, 2004, Melaleuca requested that Sav-Rx undertake the defense of Melaleuca in this lawsuit and indemnify Melaleuca for damages. Melaleuca contends that equity requires that Sav-Rx indemnify Melaleuca for any liability to Ambix. Melaleuca argues it was not a party to the January 3, 2003, agreement between Sav-Rx and Ambix. Melaleuca contends it merely relied upon Sav-Rx's representation that the controversy had been resolved. Further, Melaleuca states it followed Sav-Rx's directions to pay the Sav-Rx invoices, which were priced in accordance with the January 3, 2003 agreement. Melaleuca also alleges the January 3, 2003 agreement "undoubtedly helped to convince Melaleuca to continue with the program."

"Under Nebraska law, indemnification is available when one party is compelled to pay money which in justice another ought to pay, or has agreed to pay, unless the party making the payment is barred by the wrongful nature of his conduct." **Warner v. Reagan Buick, Inc.**, 483 N.W.2d 764, 771 (Neb. 1992). The **Warner** court explained, that "[i]n the tort context, we have held that indemnity is available to one who engaged in merely passive neglect, but unavailable to one who engaged in direct and active negligence." **Id.**

Sav-Rx contends there are genuine issues of material fact and law as to whether Melaleuca is entitled to indemnification. Sav-Rx argues indemnification ordinarily requires a contractual basis. Under the circumstances of this case there is nothing in any contracts, agreements, negotiations or dealings to support the theory that Sav-Rx is required to defend and indemnify Melalueca. Further, Sav-Rx contends Melaleuca was aware of the negotiations leading to the January 3, 2003 agreement and cannot now disavow any responsibility for the result. Finally, Sav-Rx argues a finding under this theory is premature because there is no determination of any liability to Ambix.

The court finds there are material issues of fact in dispute with regard to whether Melaleuca is entitled to indemnification from Sav-Rx. The evidence before the court shows Melaleuca was aware of the negotiations between Ambix and Sav-Rx and involved in the underlying dispute. Therefore, the court cannot determine as a matter of law based on the evidence before the court whether equity requires indemnification and summary judgment must be denied. Upon consideration,

**IT IS ORDERED:**

Melaleuca, Inc.'s Motion for Summary Judgment of Partial Summary Judgment (Filing No. 46) is denied.

Dated this 30th day of January, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge